WILLIAM T. READ, STATE TREASURER, RESPONDENT, v. BOARD OF COMMISSIONERS OF THE CITY OF NEWARK AND R. W. BOOTH, TREASURER OF THE COUNTY OF ESSEX, APPELLANTS.

Argued May 24, 1926—Decided October 18, 1926.

Where a municipality levies, assesses and collects taxes for the state highway system and for institutions, in compliance with *Pamph. L.* 1922, *p.* 634, and *Pamph. L.* 1923, *p.* 458, even if the methods provided by the legislature for fixing the valuation of the property upon which these several taxes were assessed violate constitutional provisions, that fact affords no justification for the refusal of the municipality to turn over the funds collected to the county treasurer, to be transmitted by him to the treasurer of the state as provided by those statutes.

On appeal from the Supreme Court, whose *per curiam* is printed in 4 *N. J. Mis. R.* 203.

For the appellants, *Arthur T. Vanderbilt* and *Jerome T. Congleton*.

For the respondent, *Edward L. Katzenbach,* attorney general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   In the year 1922 the legislature of this state passed an act entitled "An act for the con-

struction, improvement, reconstruction and rebuilding of the state highway system; providing for the defraying of the cost of the same by the taxation of real and personal property in this state," &c. *Pamph. L.* 1922, *p.* 634. For the purpose of raising the funds required to carry into execution the object of the statute, the state was authorized to issue bonds from time to time as moneys were required; and, by the seventeenth section of the statute, it is provided that each year "a tax shall be assessed, levied and collected in each of the municipalities in this state * * * in the same manner and at the same time as other taxes on real and personal property are assessed, levied and collected," to pay the interest on the bonds which should be outstanding and the principal on those which had then matured. These taxes when collected are, by the terms of the statute, to be paid by the governing body of each municipality to the county treasurer of the county in which such municipality is located on or before the 15th of December in each year, and are to be paid by the several county treasurers to the state treasurer not later than the 20th of December in such year.

In the following year the legislature passed an act entitled "An act to provide for the taxation of real and personal property in this state, for the purpose of paying the cost of acquiring land, constructing, reconstructing, development, extending and equipping state charitable, hospital, relief, training, correctional, reformatory and penal institutions and appurtenances thereto." *Pamph. L.* 1923, *p.* 458. The tax provided by this latter statute was to be levied, assessed and collected by the several municipalities of the state "in the same manner and at the same time as other taxes upon real and personal property are now levied, assessed and collected," and, when received by the governing body of the municipality, is to be paid over to the county treasurer and by him to the state treasurer.

It is stipulated by the parties to this litigation that, pursuant to the mandate of the first of these two statutes, the governing body of the city of Newark assessed, levied and collected from the taxpayers of that municipality the sum

of $14,132.39, to be used for state highway purposes; and that it also assessed, levied and collected from its taxpayers, in compliance with the mandate of the second of these statutes, the further sum of $7,066.46, to be appropriated to the purpose specified in the title of that statute.

Notwithstanding the fact that the city collected these moneys from the taxpayers of that municipality for the purposes indicated—notwithstanding the further fact that the taxpayers paid these moneys into the city treasury as their contribution to the funds required by the state for highway and institutional purposes—the city, when requested by the state treasurer to pay over these funds to the county treasurer of Essex county, in order that he might remit them to him (the state treasurer), refused to comply with this request; basing its refusal upon the ground that the methods provided by the legislature for fixing the valuation of the property upon which these several taxes were assessed was violative of constitutional provisions; that, consequently, both the statutes of 1922 and 1923 were null and void; and that, as a necessary result thereof, the state had no legal claim to these funds.

Upon being notified of the city's refusal, the state treasurer instituted the present proceeding to compel the governing body of the city, and the county treasurer (if any of the funds were in his possession), to pay into the state treasury the moneys which had been collected by the city for state highway and institutional uses, pursuant to authority conferred upon it for that purpose by the statutes of 1922 and 1923. Upon the hearing had upon the alternative writ granted to the state treasurer, the city authorities and the county treasurer set up as a defense to their action the reason upon which they based their refusal to comply with the state treasurer's request. The Supreme Court, after a consideration of the facts and the arguments of the respective counsel, reached the conclusion that the legislation providing for the method by which the value of the property made subject to taxation by the statutes of 1922 and 1923 was to be determined did not run counter to the constitutional provisions appealed to

by the city and county; and, as a result of this conclusion, granted a peremptory writ directing the board of commissioners of the city of Newark to pay to the county treasurer the moneys in its hands, collected under the State Highway Tax act, and also under the State Institutional Tax act, and further directing the county treasurer to pay such sums to the state treasurer within ten days after their reception by him.

The present appeal challenges the legal soundness of the conclusion of the Supreme Court and the validity of its action based thereon; and the sole ground upon which we are asked to reverse the judgment before us is that already adverted to as the basis of the refusal of the appellants to comply with the request of the state treasurer to pay over to him the taxes which had been collected under the power and authority conferred by the statutes which have been referred to.

In our view, the ground upon which the appellants refused to comply with the request of the state treasurer, even if it is assumed that the legal proposition upon which it was rested is sound, afforded no justification whatever for that refusal. For, as we view it, the right of the state treasurer to receive these moneys does not depend at all upon the question of the validity of the method adopted by the legislature for the determination of the valuations to be placed upon the property made subject to these taxes. If the municipality, for the reason upon which it based its denial of the state treasurer's request, had refused to levy, assess and collect the taxes provided by these two statutes, and an attempt had been made, by judicial procedure, to compel it to perform this alleged duty, the validity of that reason would necessarily have been presented for decision. This it did not see fit to do, but, on the contrary, proceeded to levy, assess and collect these taxes in compliance with the statutory mandates. In so acting it, by necessary implication, declared to its taxpayers that the statutes were each of them valid enactments; that, in pursuance of the respective mandates contained therein, the duty of making the assessments

and collecting the taxes rested upon the municipality; and that there rested upon its taxpayers a legal duty to pay these taxes when assessed.· The taxpayers, accepting this implied representation as justified by the fact, paid these moneys into the city treasury, without objection made by any one of them, so far as the case shows, not as a contribution to the funds of the city, to be used generally for municipal purposes, but as a contribution to a state fund, to be used solely for state purposes; creating the municipality their agent for delivering these moneys to the county treasurer, in order that he might in due course deliver them to the state treasurer. The city accepted these funds charged with the trust imposed upon them by the parties who contributed them, namely, to see to it that they were appropriated to the state uses already indicated; and its refusal to perform that trust and its attempt to retain these funds for uses other than those for which they were contributed are, each of them, without legal justification. The same is true with relation to the action of the county treasurer, if it be the fact (which is left in some doubt on the record before us) that a portion of these funds has already been paid over to him by the city of Newark.

For the reason indicated, the judgment under review will be affirmed.

*For affirmance*—The Chief Justice, Parker, Minturn, Kalisch, Black, Campbell, White, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 12.

*For reversal*—None.